08-5341-cv
In re Telik Inc. Securities Litigation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand ten.

PRESENT:
>ROGER J. MINER,
>ROBERT D. SACK,
>PETER W. HALL,
>>*Circuit Judges.*

_____

Andrew R. May,

>>*Plaintiff-Appellant*,

Policeman's Annuity and Benefit Fund of Chicago, *et al.*,

>>*Plaintiffs-Appellees*,

>>v.                                                     08-5341-cv

Telik, Inc., *et al.*,

>>*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:  ANDREW R. MAY, *pro se*, Fairfax, Virginia.

FOR PLAINTIFFS-APPELLEES
POLICEMEN'S ANNUITY AND
BENEFIT FUND OF CHICAGO:  STANLEY D. BERNSTEIN, Timothy J. MacFall,
Ann Lipton, and Joseph R. Seidman, Jr.,
Bernstein Liebhard LLP, New York, New York.


FOR DEFENDANTS-APPELLEES
TELIK, INC., MICHAEL M.
WICK, AND CYNTHIA M.
BUTITTA:  JAMIE A. LEVITT, Morrison & Foerster LLP,
New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Appellant Andrew R. May, proceeding *pro se*, appeals the district court's order approving the settlement of a class action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Federal Rule of Civil Procedure 23(e) requires court approval of any settlement that effects the dismissal of a class action. Before such a settlement may be approved, the district court must determine that a class action settlement is fair, adequate, and reasonable, and not a product of collusion. *See, e.g., D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (citing *County of Suffolk v. Long Island Lighting*, 907 F.2d 1295, 1323 (2d Cir. 1990)). This Court reviews a district court's decision to approve a proposed settlement of a class action for abuse of discretion. *See id.* (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)). The trial judge's

views are accorded "great weight . . . because he is exposed to the litigants, and their strategies, positions and proofs. . . . Simply stated, he is on the firing line and can evaluate the action accordingly." *Grinnell*, 495 F.2d at 454 (internal quotation marks omitted).

Here, an independent review of the record and relevant case law reveals that the district court properly approved the settlement and certified the class for the purpose of the settlement. We affirm for substantially the same reasons stated by the district court in its thorough September 10, 2008 order.

Appellant argues that he was entitled to review documents that Lead Plaintiff had described as providing a factual basis for the settlement. Appellant, who was represented by counsel in the district court proceedings, did not file a motion in the district court for limited discovery of these documents. This Court has explained that "[g]enerally, such a discovery request depends on 'whether or not the district court had before it sufficient facts intelligently to approve the settlement offer. If it did, then there is no reason to hold an additional hearing on the settlement or to give appellants authority to renew discovery.'" *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 120 (2d Cir. 2005) (quoting *Grinnell*, 495 F.2d at 462-63). Even assuming that Appellant's discovery claim were not waived, it is meritless because the district court had sufficient facts before it to make an informed decision to approve the settlement offer.

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3